## WESTERN & SOUTHERN LIFE INS CO v MILLER et

Ohio Appeals, 3rd Dist, Paulding Co

No 70. Decided Feb 2, 1935

Vorys, Seymour, Sater & Pease, Columbus, Hoke & Wright, Van Wert, for plaintiff in error.

Conn & Stroup, Van Wert, and J. F. Cavanaugh, Paulding, for defendants in error.

### OPINION

By KLINGER, J.

This is an action by the beneficiaries in a life insurance policy held by Donald L. Miller in The Western & Southern Life Insurance Company, to recover the amount stipulated in said policy.

The plaintiffs allege in their petition that the policy was issued on May 8, 1930; that the first premium was paid on May 29, 1930; that the policy was issued on the life of Donald L. Miller and was for the sum of $5000.00; that they are the beneficiaries designated in the policy; that Donald L. Miller complied with all the terms required of him in the policy; that he died on the 16th day of July, 1932.

In the answer, the defendant admits the execution and delivery of the policy, and further avers that the policy was surrendered by Donald L. Miller on the 21st of April, 1932, on receipt of the sum of $200.00 paid by The Western & Southern Life Insurance Company to Donald L. Miller; that this payment was made and the policy surrendered for the purpose of compromising and settling disputes and differences arising out of the negotiation for the contract of insurance.

It is claimed by the insurance company that the insured, Donald L. Miller, made false and fraudulent statements regarding his health and whether or not he had previously been treated for certain ailments, in his application for insurance.

As I view the evidence in this case, pro and con, upon this issue, there can be no doubt but Donald L. Miller made a settlement with the insurance company and agreed to and did receive and accept the sum of $200.00 to reimburse him for any and all sums that he had paid the insurance company, and surrendered his policy. There is no doubt in mind that he knew what he was doing, as all parties to the agreement were able to read and understand the simple language that was used in the negotiation.

If a settlement was had between Donald L. Miller and the insurance company whereby he surrendered his policy and accepted a consideration therefor, the plaintiffs in this case cannot recover.

The plaintiffs contend that the release was obtained by misrepresentations. However, in my opinion there is a total failure of evidence to warrant the court in finding that there were misrepresentations, inasmuch as the written evidence in the case recites in plain English that the policy is surrendered on receipt of the check for $200.00. This release was not only before Donald L. Miller to read and sign, but was also before the beneficiaries, the plaintiffs in this case, for them to read and sign. There is no evidence in the bill of exceptions or record, that Donald L. Miller did not read it or did not understand it.

As I view the evidence, the overwhelming weight thereof supports the contention of the defendant The Western & Southern Life Insurance Company, on this issue; and at most, only a scintilla of evidence could be claimed for the contention that Donald L. Miller did not understand what he was doing and that he misunderstood it as being a receipt for disability, and so forth.

Under the recent ruling of the Supreme Court in the case of **Hamden Lodge et v Ohio Fuel Gas Company**, 127 Oh St 469, the scintilla rule is no longer the law in Ohio. And inasmuch as the Supreme Court has also said, in the case of **Greyhound Lines, Inc. v Martin**, 127 Oh St 499, that where the Court of Appeals finds that the proof fails to show actionable negligence on the part of the defendant it becomes the duty of the court not to remand the case to the trial court for further proceedings, but to render final judgment, and also in the case of **Majoros v The Cleveland Interurban Rd. Co.**, 127 Oh St 255, has said that when a Court of Appeals reverses a judgment of the trial court for the reason that the trial court erred in not sustaining the motion of a defendant for directed verdict, it becomes the duty of the Appellate Court to render the judgment which the trial court should have rendered, I therefore think, under §12272, GC, it becomes our duty to enter final judgment for the defendant The Western & Southern Life Insurance Company, since I believe the trial court should have sustained the motion interposed for judgment notwithstanding the finding and judgment of the court in favor of plaintiffs. See also, J. C. Penny, Inc. v Robinson, 193 NE 401.

CROW, PJ, and GUERNSEY, J, concur.

## CONCURRING OPINION

By CROW, PJ, and GUERNSEY, J.

We concur in the judgment in the foregoing entitled action for the following reasons:

There is no allegation or allusion in the petition or reply or in any amendment to the petition or reply, of any fraud practiced on Donald L. Miller, the insured, on the part of the insurance company for the purpose of inducing the said Donald L. Miller to execute or in the execution by him of the instrument providing for the acceptance by him of the sum of $200.00 in compromise and settlement of the disputes and differences as to the liability of the company under said policy and acknowledging

the receipt of said sum in full satisfaction, settlement and discharge of all liability of the company under the policy, and surrendering the policy. Nor is there any allegation in the petition or reply or in any amendment thereof, of any fraud practiced on the said Donald L. Miller to secure his indorsement of the check given by the company to evidence such payment.

On the second page of the answer it is alleged: "In said part one of said application in answer to interrogatory 9—'For whose benefit is insurance to be effected?'— The answer was 'Lewis C. and Goldie Miller;' and in answer to interrogatory 10— 'Do you reserve the right to change the beneficiary?' the answer was 'Yes'." And on page three of the answer it is alleged: "Defendant, on or about May 10, 1930, made, executed and delivered to said Donald L. Miller a policy of life insurance dated May 8, 1930, numbered 439165A and thereby agreed to pay on receipt of due proof of the death of said Donald L. Miller, to said Lewis C. Miller and Goldie Miller, parents of said Donald L. Miller, equally or the survivor, as beneficiary, (with right of revocation)—" The allegation on page 2 of the answer, above referred to, is not denied in the reply; and the allegation on page 3 of the answer, above referred to, is expressly admitted in the reply.

The pleadings therefore show that the policy upon which suit is based, was issued to the insured upon his reservation of the right to change the beneficiary and with right of revocation of beneficiary.

In the case of **Baxter v Old National-City Bank**, decided by this court December 2, 1933, and reported in **46 Oh Ap at page 533, (16 Abs 577),** application to certify record in which was refused by the Supreme Court, it was held, in subdivision 2 of the syllabus, following the decision of the Supreme Court in the case of **Oetting, Guardian v Sparks et, 109 Oh St, page 94,** that:

"Where insured reserved right to change beneficiary in life policy, beneficiary's right was contingent and insured could cut off such right by surrendering policies for cancellation."

The decision in the Oetting case, supra, was recently approved and followed in the case of **Katz v The Ohio National Bank, Executor, 127 Oh St 531.**

As the plaintiff beneficiaries in the instant case had only a contingent interest which the insured could cut off by surrendering policy for cancellation, any fraud practiced upon them to induce them to execute or in the execution of the settlement agreement and surrender of the policy would not avoid the execution of such settlement agreement or the surrender of the policy by the insured; and as the pleadings do not allege any fraud practiced on the insured in connection with the making of such settlement or of securing the surrender of the policy, the pleadings fail to show any cause of action on the part of the plaintiffs against the defendant.

While there is evidence that the agent of the defendant insurance company made certain false statements in the presence and hearing of the insured to the effect that the payment and settlement proposed to be made by him on behalf of the insurance company was a payment and settlement of disability benefits for which the insured had previously filed claim under the provisions of the policy, and that the insured after the execution of the settlement agreement in which it was stated that the policy was surrendered, inquired of the agent as to the return of the policy which he had delivered to the agent some time prior to the date on which the settlement agreement was executed, from which inferences might reasonably be drawn that the insured heard and relied upon the statements of the agent as to the subject matter of the transaction and was misled as to the nature of the same, no attempt was made to amend the pleadings to conform to the evidence in this respect.

The defendant filed a motion in the trial court for judgment notwithstanding the verdict.

Under the rule set forth in **2 O.J.,** at **pages 1101 and 1102,** in passing upon a motion for judgment non obstante veredicto, the court is limited to what appears in the pleadings. This being the case, and the pleadings, as above mentioned, failing to show any cause of action on behalf of plaintiffs against the defendant, the trial court erred in overruling the motion for judgment notwithstanding the verdict, and for that reason and that reason only, the judgment of the trial court should be reversed, and this court rendering the judgment that should have been rendered by the trial court will enter final judgment in favor of defendant.